**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SIJIA LI,

Plaintiff,

-against-

ANDY SHU,

Defendants.

**REPORT AND RECOMMENDATION**

**2:25-cv-03774-HG-ST**

**TISCIONE, United States Magistrate Judge:**

On July 8, 2025, Sijia Li ("Plaintiff") commenced this action alleging fraud, conversion, unjust enrichment, and breach of fiduciary duty. *See* Complaint ("Compl.") ¶¶ 1-3, ECF No. 1. The complaint alleges Andy Shu ("Defendant") fraudulently induced Plaintiff to send him money under the guise he would act as Plaintiff's financial adviser and make investments on Plaintiff's behalf. *Id*. ¶¶ 23-27; ¶¶ 30-31. Plaintiff entrusted her money with Defendant under the condition Defendant would return the funds upon Plaintiff's request. *Id*. ¶ 25. Between March and July 2022, Plaintiff made two wire transfers to Defendant, totaling $410,000. *Id*. ¶¶ 30-31. In late 2022, Plaintiff made repeated demands for her money back. *Id*. ¶¶ 33-35. Defendant returned only $10,000, claimed the remaining $400,00 had been lost, and cut off all communication. *Id*. ¶ 35-39. This action followed.

Defendant was served on July 16, 2025. *See* Summons, ECF No. 8. Defendant failed to answer or otherwise respond. On August 18, 2025, Plaintiff requested a certificate of default. *See* ECF No. 10. The request was denied for failure to comply with Local Rule 55.1(a)(4) – i.e. proposed certificate of default and the certificate of service demonstrating that the Request of Certificate of Default was served on behalf of the Defendant. *See* Docket Order dated August 19, 2025. On August 26, 2025, having corrected the deficiencies, Plaintiff again requested a certificate

of default. *See* ECF Noas. 11-12. The Clerk of the Court entered default against Defendant on August 27, 2025. *See* Clerk's Entry of Default, ECF No. 13.

On September 15, 2025, Plaintiff moved for default judgment. *See* Motion for Default Judgment, ECF No. 14. Judge Gonzalez referred the motion to this Court for a Report and Recommendation. *See* Order Dated September 22, 2025. For the reasons set forth below, the motion should be DENIED with leave to refile.

## **PROCEDURAL DEFECTS**

Obtaining a default judgment is a two-step process. *See* Fed. R. Civ. P. 55. Step one is to obtain an entry of default from the Clerk of Court. *See* Fed. R. Civ. P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id*. Defendant is in default as of August 27, 2025. *See* Clerk's Entry of Default.

Step two is to seek default judgment. *See* Fed. R. Civ. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk must, "on the plaintiff's request, with an affidavit showing the amount due . . . enter judgment for that amount and costs against a defendant . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases," a party must move for a default judgment. Fed. R. Civ. P. 55(b)(2). Before this Court is the latter.

This Court's local rules provide additional requirements. Among them is Local Civil Rule 55.2(a)(1)(B) which mandates an affidavit or declaration demonstrating "the party seeking default judgment has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521." "Plaintiff's burden in this regard is not a heavy one," as "the Department of Defense maintains a Servicemembers Civil Relief Act website for the purposes of, among other things, determining whether an individual is on active duty." *Alzal Corp. v. Killer Carz LLC*, 2024 U.S. Dist. LEXIS

59929, at *9 n.4 (E.D.N.Y. Mar. 29, 2024) (citation omitted); *Morales*, 2023 WL 375647, at *13 n.3 ("It is possible to obtain a report certifying active-duty military status through the Servicemembers Civil Relief Act website.").

Here, Plaintiff has failed to comply with the SCRA.

First, the affidavit is non-compliant. Plaintiff merely swears "Defendant is not presently in the military service of the United States as appears from the facts in this litigation and from the Affidavit of the process server[.]" *See* Affirmation in Support of Motion for Default Judgment ¶ 2, ECF No. 14-1. The affidavit is defective for the reasons set forth in *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 332-33 (E.D.N.Y. 2024).

There, like here, the plaintiff attempted to utilize the process server's affidavit as proof of non-military service. The court found such was insufficient because the affidavit is "caveated by the language 'upon information and belief' and do[es] not describe any investigation [Plaintiff] might have conducted to form that belief." *Id*. at 332-33; *see* Affirmation in Support of Motion for Default Judgment at 4 ("I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief[.]"). "Adequate proof might consist of a report from the Department of Defense's website obtained after the defendant's default certifying that the defendant is not in active military service." *Id*. A sworn statement upon information and belief, however, falls short.

Second, Plaintiff failed to conduct any investigation into Defendant's military service *after* obtaining the entry of default. Defendant was served on July 17, 2025. Default was entered on August 27, 2025. Plaintiff made no further investigation into Defendants' military service following default. The SCRA is unambiguous in that "[t]he non-military affidavit must be based on facts adduced from an investigation conducted *after* the defendant defaults." *Wilmington,* 712

F. Supp. at 332. The *Wilmington* court held the affidavit "does not suffice because the affidavit was written *before* [defendant's] default." *Id*. at 332. Plaintiff suffers the same fate here.

Although it may seem unlikely Defendant was active duty at the time of this proceeding, "that does not absolve plaintiffs from complying with the *procedural* requirements of the SCRA." *Guanglei Jiao v. Shang Shang Qian Inc.*, 2020 WL 5105063, at *2 (E.D.N.Y. Aug. 31, 2020). Failure to conduct a post-default investigation of active-duty status is grounds for denial. While this Court does not intend to burden Plaintiff with unnecessary procedure, "[t]he court lacks discretion to excuse the plaintiff's failure to comply with the statute." *Wilmington*, 712 F. Supp. 3d at 332.

Moreover, Local Civil Rule 55.2(a)(2) requires the moving party to provide a memorandum of law consistent with Local Civil Rule 7.1. *See* Local Civil Rule 71. ("A memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined[.]". Plaintiff failed to do so, providing only an affidavit, proposed judgment, proposed bill of costs, and a copy of the clerks certificate of default. "The filings required by Local Civil Rules 55.2 and 7.1 are necessary for the Court to determine whether the allegations in the complaint state a valid cause of action and that the moving party is entitled to relief." *Insured Advoc. Grp., LLC v. Nuresto Prop. Grp., LLC*, 2026 WL 579414, at *1 (S.D.N.Y. Mar. 2, 2026).

Additionally, Local Civil Rule 55.2(b) provides the plaintiff "*must* file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." (emphasis added). Plaintiff failed to do so.

-4-

"Local rules have the force of law[.]" *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008). "Indeed, courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking." *United States v. Hamilton*, 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019), (report and recommendation adopted). "A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Bhagwat v. Queens Carpet Mall, Inc.*, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017).

At bottom, Plaintiff failed to comply with this Court's local rules.

## CONCLUSION

Due to Plaintiff's failure to comply with this Court's local rules, I respectfully recommend the District Court DENY Plaintiff's motion for default judgment with leave to refile.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/    Steven Tiscione

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
March 20, 2026